**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>David M. Falvo,<br><br>　　　　Debtor. | Chapter 7<br><br>Case No. 23-20880 (JJT) |
| David M. Falvo,<br><br>　　　　Plaintiff,<br><br>v.<br><br>United States Department of Education and Aidvantage,<br><br>　　　　Defendants. | Adv. P. No. 24-02022 (JJT)<br><br>Re: ECF Nos. 1, 5, 12 |

**MEMORANDUM OF DECISION**
**GRANTING MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Motion for Summary Judgment (Motion, ECF No. 12) filed by the United States Department of Education (DOE). The debtor–plaintiff David M. Falvo's (Debtor) Complaint (ECF No. 1) seeks discharge of his student loan held by the DOE under 11 U.S.C. § 523(a)(8). Because the Debtor's student loan is a postpetition debt, the Court must grant summary judgment in favor of the DOE.[1]

---

[1] The Debtor also named Aidvantage as a defendant in this Adversary Proceeding. Because the DOE indisputably holds the subject loan, Aidvantage is not a proper defendant and is hereby dismissed from this action.

1. Background

The Debtor filed for protection under the Bankruptcy Code on October 31, 2023, initially under Chapter 13. After the case was converted to Chapter 7, the Debtor received a discharge on July 17, 2024. The Chapter 7 closed shortly thereafter.

The Debtor moved to reopen the underlying main case on November 6, 2024, which the Court granted. The Debtor then filed the instant Adversary Proceeding on December 10, 2024. The single-count Complaint seeks discharge of the Debtor's student loan obligations as an undue hardship under 11 U.S.C. § 523(a)(8). The DOE filed its Answer on January 15, 2025.

At a February 27, 2025 status conference, the DOE reiterated what it noted in its Answer, namely, that the Debtor had consolidated several prepetition student loans in the postpetition period. The Debtor's counsel then stated that this Adversary Proceeding was not likely to go forward. Nonetheless, the Complaint has not been withdrawn.

The DOE filed the instant Motion on June 13, 2025. In the Motion and its accompanying materials, the DOE again states that the Debtor is not entitled to a discharge of his student loan because it is a postpetition debt. The undisputed facts show that the Debtor obtained five prepetition student loans between September 2020 and July 2023. The Debtor then executed a Direct Consolidation Loan Application and Promissory Note on July 10, 2024, which loan was then disbursed

on August 2, 2024. This loan consolidated all the Debtor's prepetition student loans into one postpetition student loan.

The Debtor filed no response to the Motion.

2. Jurisdiction

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Both the Debtor and the DOE have consented to the Court's entry of final orders and judgment in this matter.

3. Discussion

As applied by Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In doing so, [the Court] view[s] the facts, resolve[s] all ambiguities, and draw[s] all inferences in the manner most favorable to the nonmoving party." *Del Rio v. Amazon.com.dedc, LLC*, 132 F.4th 172, 176 (2d Cir. 2025).

Under 11 U.S.C. § 727(b):

Except as provided in section 523 of this title, a discharge under
subsection (a) of this section discharges the debtor from all debts that

3

> arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

Section 523(a)(8) in turn provides that a discharge under § 727 "does not discharge an individual debtor from any debt":

> unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
> (A)
> (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

As stated in § 727(b), a discharge is only provided for "debts that arose *before* the date of the order for relief under this chapter." (Emphasis added). The order for relief in the Debtor's underlying main case was the petition date: October 31, 2023. 11 U.S.C. § 301(b). The Debtor's student loan debt is the result of a loan applied for and disbursed in 2024. As a postpetition debt, it is not eligible for discharge under § 727(b) without even getting to the question of whether there is an undue hardship under § 523(a)(8). There is no other way to construe the undisputed facts.

4

4. Conclusion

For the foregoing reasons, the Court GRANTS the Motion. A separate final judgment will enter on the docket.

IT IS SO ORDERED at Hartford, Connecticut this 29th day of July 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut